IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00461-BNB

MINOR MICHAEL STILL,

Applicant,

v.

KEVIN MILYARD, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 19 2009

GREGORY C. LANGHAM
                    CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

Applicant, Minor Michael Still, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Still has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court must construe the application liberally because Mr. Still is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Still will be ordered to file an amended pleading.

Mr. Still alleges in the application that he currently is serving a sentence pursuant to a Colorado state court conviction in Jefferson County District Court case number 05CR108. He also alleges that he has been convicted and sentenced in this court. *See United States v. Still*, No. 05-cr-00014-REB (D. Colo. July 1, 2005). Mr. Still asserts that the state sentence he currently is serving, which was imposed after his

federal sentence, was ordered by the state court to run concurrently with the federal sentence. However, Mr. Still maintains that he is being forced to serve his state and federal sentences consecutively because he has not been taken into federal custody to begin serving his federal sentence.

Mr. Still asserts claims in the habeas corpus application that relate to the execution of his state sentence by state prison officials and he asserts a different claim regarding the execution of his federal sentence by federal prison officials. All of Mr. Still's claims properly are asserted pursuant to § 2241 because he is challenging only the execution of his state and federal sentences. However, because Mr. Still's claims challenging the execution of his state and federal sentences raise separate and distinct legal questions that must be directed at different Respondents, Mr. Still must file separate habeas corpus actions to pursue his state and federal claims. Requiring Mr. Still to file separate actions also will assist the court in ascertaining the specific claims Mr. Still is asserting with respect to his state and federal sentences.

Therefore, Mr. Still will be ordered to file an amended habeas corpus application in this action that is limited to either his claims challenging the execution of his state sentence or his claims challenging the execution of his federal sentence. If Mr. Still wishes to challenge the execution of both sentences, he should file an amended pleading in this action and a new application for a writ of habeas corpus in a separate action. It is appropriate for Mr. Still to name as Respondent in the action challenging the execution of his state sentence his current custodian. However, if Mr. Still wishes to challenge the execution of his federal sentence, he must name as Respondent an appropriate federal official.

Mr. Still also is reminded that he must assert his claims clearly and concisely and he must allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. Naked allegations of constitutional violations are not sufficient to state a habeas corpus claim. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Still file **within thirty (30) days from the date of this order** an amended pleading that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Still, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Still fails to file an amended pleading that complies with this order within the time allowed, the application will be denied and the action will be dismissed without further notice.

DATED March 19, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00461-BNB

Minor Michael Still
Prisoner No. 53037
Sterling Correctional Center
P.O. Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 3/19/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk